IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE JIRON,

        Plaintiff,

vs.                                        No. CV 21-00713 KG/SCY

JARED POLIS, et al.,

        Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL FOR LACK OF JURISDICTION

THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 12(b)(2) on the Complaint for Violation of Civil Rights filed by Plaintiff, Lawrence Jiron. (Doc. 1). The Court lacks jurisdiction over all Defendants and claims and will dismiss the case without prejudice under Fed. R. Civ. P. 12(b)(2).

Plaintiff, Lawrence Jiron, is a prisoner incarcerated by the Colorado Department of Corrections at the Buena Vista Correctional Facility in Buena Vista, Colorado. (Doc. 1 at 2, 5).[1] In the caption of his Civil Complaint, Plaintiff Jiron names, as the sole Defendant, Jared Polis, Governor of the State of Colorado. (Doc. 1 at 1). Plaintiff Jiron also improperly uses the phrase "et al.," an abbreviation for *et alii*, meaning "and others" in the caption, but identifies Colorado state court Judges Kevin Hoyer, Steven Finn, and David N. Thorson as Defendants in the body of his Complaint. *See Black's Law Dictionary,* p. 553 (6th Ed. 1990) (Doc. 1 at 2-3).

---

[1] Plaintiff Jiron claims to be a "civilly committed detainee." (Doc. 1 at 4). However, his Complaint discloses, and Colorado court records confirm, that he is serving at least three criminal sentences in the custody of the Colorado Department of Corrections. (Doc. 1 at 2, 5).

1

In his Complaint, Jiron alleges "The 4-Defendants-Outside the color of law using bonds and contracts to convert sentence-from civil to criminal. Being Treason and using my Birth Certificate as a Bond to Imprison me." (Doc. 1 at 4). Jiron asserts he is seeking relief under the federal Clayton Act and Lanham Act statutes and instructs the Court "[d]o not use-(1983)-use my Title 15 U.S.C./1127-1072-1051. The Defendants have no Immunity under this claim." (Doc. 1 at 5). Jiron then lists several Colorado state criminal cases, claims false imprisonment and kidnapping, and demands that this Court vacate the illegal and unconstitutional sentences. (Doc. 1 at 5). The Complaint does not contain allegations of any act, omission, statement, transaction, or occurrence in or connected to the State of New Mexico.

Plaintiff Jiron is a prisoner, proceeding pro se and seeking redress against Colorado governmental officers. Therefore, his Complaint is subject to preliminary screening and dismissal under 28 U.S.C. § 1915A. Section 1915A contains no express authorization for a dismissal for lack of personal jurisdiction. *See* 28 U.S.C. § 1915A. However, the Tenth Circuit Court of Appeals has previously held that a district court may, in certain circumstances, properly dismiss an action based on an affirmative defense where the defense clearly appears on the fact of the complaint. *See Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.2006); *Fratus v. Deland,* 49 F.3d 673, 674–75 (10th Cir.1995). The lack of jurisdiction is clearly apparent on the face of Plaintiff Jiron's Complaint.

The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant "so long as there exist minimum contacts between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980). The "minimum contacts" standard may be met, consistent with due process, "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of

or relate to those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985). A district court's exercise of personal jurisdiction over defendant must also be reasonable in light of the circumstances surrounding the case. *See id.* at 477–78.

Plaintiff Jiron appears to assert 15 U.S.C. § 15 as a jurisdictional basis. (Doc. 1 at 3, 15). Section 15 states that anyone who has been injured by a violation of Title 15 "may sue therefore in any district court of the United States in the district in which the defendant resides or is found." 15 U.S.C. § 15(a). The Complaint does not appear to actually allege any cause of action under Title 15, but even if it did, no one named in the Complaint, whether as a named defendant or simply referenced in the text, resides or is found in the District of New Mexico. Therefore, no Title 15 jurisdiction exists in New Mexico over Plaintiff's claims.

Further, even if Plaintiff Jiron is attempting to seek relief under some other statutes, such as 42 U.S.C. §1983 or 28 U.S.C. § 2254, the Complaint does not allege that anyone resides in New Mexico, that any conduct by anyone occurred in New Mexico, or that Jiron's allegations are even connected to New Mexico. The Complaint does not establish any, much less minimum, contacts with the State of New Mexico. *Burger King Corp. v. Rudzewicz,* 471 U.S. at 472. It is clear from the face of the Complaint that the Court lacks personal jurisdiction over any Defendant or claim, and the Court will dismiss Plaintiff Jiron's Complaint under Fed. R. Civ. P. 12(b)(2).

Also pending before the Court is Plaintiff Jiron's Motion and Affidavit for Leave to Proceed under 28 U.S.C. § 1915. (Doc. 2). The Court determines that, in addition to lacking any jurisdictional basis, the Complaint is patently frivolous and fails to state any claim for relief under 28 U.S.C. § 1915(d). "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (citations omitted) (per curiam).

The Court has previously dismissed a similar case, *Jiron v. Polis*, No. CV 19-00791 RB/CG on the same grounds. (CV 19-00791 RB/CG), Doc. 8, 9). That dismissal was affirmed by the United States Court of Appeals for the Tenth Circuit. (CV 19-00791 RB/CG, Doc. 18). Further, even if jurisdiction did exist in New Mexico, most, if not all, claims against the Defendants would be barred by sovereign or absolute judicial immunity. *Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989). The claims would also be barred under *Heck v. Humphry,* 512 U.S. 477, 487 (1994). The Court will deny the Motion and Affidavit to Proceed and will dismiss this proceeding under Fed. R. Civ. P. 12(b)(2).

IT IS ORDERED:

(1) Plaintiff Jiron's Motion and Affidavit for Leave to Proceed under 28 U.S.C. § 1915. (Doc. 2) is DENIED; and

(2) the Complaint for Violation of Civil Rights filed by Plaintiff Lawrence Jiron (Doc. 1) and all claims and causes of action are DISMISSED without prejudice under Fed. R. Civ. P. 12(b)(2) for lack of jurisdiction.

_____
UNITED STATES DISTRICT JUDGE